UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.K., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JUPITER RESEARCH, LLC, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-09090-SVK<br><br>**ORDER ON PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>Re: Dkt. No. 3 |

Before the Court is Plaintiffs' motion to proceed under pseudonyms and for a protective order. Dkt. 3 (the "Motion"). For the reasons that follow, the Court **GRANTS** the Motion without prejudice to any Defendant's ability to seek to unseal Plaintiffs' identities once the Defendants appear in this action.

## I.    BACKGROUND

Plaintiffs are three individuals who have indirectly purchased vaporized cannabis oil from Defendants. *See* Dkt. 1 (complaint) ¶¶ 18-30. They claim that they paid supercompetitive prices for such products as a result of Defendants' anticompetitive conduct. *See generally* Dkt. 1.

Shortly after filing the complaint, Plaintiffs filed the Motion, seeking permission to proceed pseudonymously in this case "due to the significant risk of social stigma, retaliatory physical and mental harm, and to protect them from harassment, injury, ridicule or personal embarrassment." Dkt. 3 at 3. Plaintiffs state that their identities will be disclosed to Defendants under an anticipated protective order. Dkt. 5.

## II.    LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties").

However, parties may "proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). Specifically, parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (citations omitted).

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1067. "The Ninth Circuit has identified three circumstances where this may be the case:  (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *M.J.R. v. United States*, No. 23-cv-05821-VKD, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14, 2023) (citing *Advanced Textile Corp.*, 214 F.3d at 1068).  "When a party fears retaliation, the court balances:  (1) the severity of the threatened harm, (2) the reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) the prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities." *M.J.R.*, 2023 WL 7563746, at *1  (citing *Kamehameha*, 596 F.3d at 1042).

### III. DISCUSSION

In the Motion, Plaintiffs have addressed the relevant factors that support allowing them to proceed anonymously in this case.  A court in this District has held that associating a Plaintiff with a combination of mental conditions including substance use disorder "would necessarily expose Plaintiff to social stigma and would threaten future job opportunities that he may pursue." *Doe v. United of Omaha Life Ins. Co.*, No. 23-cv-02307-JST, 2023 WL 5919287, at *1 (N.D. Cal. Aug. 21, 2023).  Although Plaintiffs in the present case do not allege that they suffer from a substance use disorder or other mental conditions, they nevertheless assert that disclosure of their identities "will expose Plaintiffs to severe social stigmas surrounding cannabis use, associating them unnecessarily with substance abuse or substance abuse disorder." Dkt. 3 at 5.  Plaintiffs argue that

their fear of harm, including social stigma and professional setbacks, are reasonable "[g]iven the strong beliefs that are often tied to cannabis consumption." *Id.* at 5-6.

Plaintiffs argue that Defendants will not be prejudiced if Plaintiffs are permitted to proceed anonymously because Plaintiffs' identities will be disclosed to Defendants under a forthcoming protective order. Dkt. 3 at 6. Under such circumstances, pseudonymity may not "impede Defendants' ability to develop their case." *United of Omaha*, 2023 WL 5919287, at *1.

Plaintiffs also explain that the public interest will not be harmed if they are permitted to proceed pseudonymously because their identities are not central to the issues raised in this litigation and because forcing them to litigate stigmatizing claims publicly would disincentivize litigants from challenging anticompetitive practices such as those alleged here. *See* Dkt. 3 at 6-7. Plaintiffs also represent that "[t]he parties will need to only redact Plaintiffs' names and other identifying information, while allowing pleadings, briefs, and relevant documents to be submitted publicly, which promotes public access to the record as a whole." *Id.* at 7. Such considerations weigh in favor of allowing Plaintiffs to proceed pseudonymously. *See United of Omaha*, 2023 WL 5919287, at *2.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. However, Defendants have not yet appeared in this case or had an opportunity to be heard on the issues raised by the Motion. This order is without prejudice to a later motion by any Defendant seeking to unseal the Plaintiffs' identities. *See, e.g.*, *Doe v. Risch*, No. 18-cv-04583-SBA, Dkt. 14 at 2 (N.D. Cal. Aug. 13, 2018). Unless and until the Court orders otherwise, Plaintiffs may continue to identify themselves in this action using their initials, all filings on the docket may reference Plaintiffs using only their initials, and no Party may publicly disclose Plaintiffs' identities.

**SO ORDERED.**

Dated: January 8, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

3